IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LUIS FERNANDO-GRENADOS, | |
| Petitioner, | 4:05cv3156 |
| vs. | PROGRESSION ORDER |
| ROBERT HOUSTON, | (Habeas Corpus) |
| Respondent. | |

This matter is before the court to facilitate progression of this habeas corpus case filed pursuant to 28 U.S.C. § 2254 by the petitioner, Luis Fernando-Grenados. The respondent has filed an Answer (filing no. 10) and relevant state court records (filing no. 11).

The petitioner alleges violations of his civil rights in connection with his conviction on or about March 27, 2003, in the District Court of Douglas County, Nebraska, of first-degree murder and use of a deadly weapon to commit a felony. The conviction was affirmed on appeal. See State v. Fernando-Grenados, 682 N.W.2d 266 (Neb. 2004).

As his sole § 2254 claim, the petitioner alleges that his confession should have been suppressed because it was obtained and used by the State in violation of his Miranda[1] rights. The respondent denies the petitioner's § 2254 claim on the merits. Claims which have been considered on the merits by the Nebraska appellate courts are subject to review in federal habeas cases under the deferential standard required by 28 U.S.C. § 2254(d). See Williams v. Taylor, 529 U.S. 362 (2000).

28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable

---

[1] See Miranda v. Arizona, 384 U.S. 436 (1966).

application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Eighth Circuit Court of Appeals has commented that 28 U.S.C. § 2254(d) leaves a federal habeas court only a "very narrow" scope of review of state-court determinations. Blackwell v. Graves, 349 F.3d 529, 532 (8th Cir. 2003).

*28 U.S.C. § 2254(d)(1)*

As for 28 U.S.C. § 2254(d)(1), "[t]he Supreme Court has explained the independent meanings of the 'contrary to' and 'unreasonable application' clauses .... A state court decision is 'contrary to' the Supreme Court's clearly established precedent if the state court either 'arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law' or 'decides a case differently than th[e] [Supreme] Court has on a set of materially indistinguishable facts.'... A state court decision is an 'unreasonable application' of Supreme Court precedent if it 'identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'... 'A federal court may not issue the writ simply because it "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."'" Bucklew v. Luebbers, 436 F.3d 1010, 1016 (8th Cir. 2006) (citations omitted).

In Kinder v. Bowersox, 272 F.3d 532, 537-38 (8th Cir. 2001), the Eighth Circuit stated, *citing* Williams v. Taylor, 529 U.S. 362, 405 (2000):

> Our first step, then, in evaluating a challenge to the state court's application of the law is to determine what, if anything, the Supreme Court has said on the subject. From there, we proceed to take a careful look at the decision of the state court. That decision will be viewed under AEDPA as "contrary to" clearly established federal law if the state court has applied a rule that directly contradicts Supreme Court precedent or has reached a result opposite to a result reached by the Supreme Court on "materially indistinguishable" facts .... As for an "unreasonable application" of the law, we must remember that unreasonable is not the same as incorrect .... The state court's application might be erroneous, in our "independent judgment," yet not "unreasonable."

See also Lockyer v. Andrade, 538 U.S. 63 (2003):

2

> First, a state court decision is "contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases" or "if the state court confronts a set of facts that arematerially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent."

Id. at 73 (citations omitted).

> Second, "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."... The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous .... The state court's application of clearly established law must be objectively unreasonable.

Id. at 75 (citations omitted).

*28 U.S.C. § 2254(d)(2)*

28 U.S.C. § 2254(d)(2) must be read together with 28 U.S.C. § 2254(e)(1), which states:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

As explained by the Supreme Court, "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. 322, 324 (2003).

Therefore, as to the claim in this case which was presented on the merits to the Nebraska appellate courts, the issue in this court is whether the Nebraska courts, in adjudicating the merits of the claim, (1) produced a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) based its decision on an unreasonable factual determination in light of the evidence. Accordingly, the parties shall file briefs

3

addressing the merits of the petitioner's claim in light of the deferential standard of review required by 28 U.S.C. § 2254(d).

  IT IS THEREFORE ORDERED:

  1. That by June 15, 2006, the petitioner shall file a brief on the issues discussed above;

  2. That by July 28, 2006, the respondent shall file a brief on the issues discussed above and in response to the petitioner's brief;

  3. That by August 25, 2006, the petitioner may reply to the respondent's brief; and

  4. That unless the court orders an evidentiary hearing, expansion of the record, or additional briefs, this matter will be deemed submitted at the close of this briefing schedule on the basis of the pleadings, the state court record and the briefs.

  April 24, 2006.     BY THE COURT:

             s/ *Richard G. Kopf*
             United States District Judge