IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LUIS FERNANDO-GRANADOS, | ) | 4:05CV3156 |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

The petitioner in this habeas corpus proceeding, Luis Fernando-Granados, was convicted of first degree murder and use of a deadly weapon to commit a felony in the District Court of Douglas County, Nebraska. His conviction was affirmed on appeal by the Nebraska Supreme Court, which ruled that the district court had not erred in denying Fernando-Granados' motion to suppress his in-custody statements because he was adequately advised of his Miranda rights.[1] See State v. Fernando-Granados, 682 N.W.2d 266, 271-80 (Neb. 2004). In particular, the court found that through the use of a rights advisory form written in Spanish, "Fernando-Granados was effectively advised that if he wanted a lawyer and could not afford one, he could request appointed counsel and that the court had the authority to grant his request." Id. at 280. The court concluded:

> Although the phrase "will appoint" was not used, the advisement was nevertheless sufficient to reasonably inform [Fernando-Granados] of his right to an attorney, and to apprise him that a method, i.e., appointment by the court, existed for ensuring that an attorney was available to him. Considered in their entirety, the warnings given to Fernando-Granados do not imply that the court had discretion to deny a request for appointment of counsel.

Id.

---

[1] See Miranda v. Arizona, 384 U.S. 436 (1966).

The single question presented by Fernando-Granados' petition is whether the Nebraska court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). I easily answer this question in the negative.

The Spanish-language form that police used to advise Fernando-Granados of his Miranda rights stated that he had the right to remain silent, that anything he said could and would be used against him in court, and that he had the right to consult with a lawyer and to have a lawyer present during questioning. The form also stated that if he could not afford to hire an attorney, the court "[could, may, can] had the ability to" appoint one for him. Fernando-Granados, 682 N.W.2d at 277. These are rough translations of the Spanish word "puede" that was used in the form.

The United States Supreme Court has "never insisted that Miranda warnings be given in the exact form described in that decision." Duckworth v. Eagan, 492 U.S. 195, 202 (1989). "Reviewing courts therefore need not examine Miranda warnings as if construing a will or defining the terms of an easement. The inquiry is simply whether the warnings reasonably 'conve[y] to [a suspect] his rights as required by Miranda.'" Id. at 203 (quoting California v. Prysock, 453 U.S. 355, 361 (1981)). In Duckworth, the police told the suspect that they could not provide him with a lawyer, but that one would be appointed "if and when" he went to court. The Supreme Court found no problem with this advice since the suspect was clearly informed "that he ha[d] the right to an attorney before and during questioning, and that an attorney would be appointed for him if he could not afford one." Id. at 204.

Although Fernando-Granados was not told in absolute terms that an attorney "would" be appointed for him if he could not afford one, the United States Court of Appeals for the Eighth Circuit has held that the omission in an advisory form of an express statement "that an attorney will be appointed if the defendant cannot afford

to hire one" is not critical.  See Chambers v. Lockhart, 872 F.2d 274, 275 (8th Cir. 1989) (warning that suspect had "the right to talk with an attorney, either retained by [him] or appointed by the court, before giving a statement, and to have [his] attorney present when answering any questions" was adequate under Miranda).  Chambers is controlling authority and requires me to deny Fernando-Granados' claim.

In summary, the Nebraska Supreme Court's decision is not contrary to, nor does it involve an unreasonable application of, clearly established federal law as determined by the United States Supreme Court.  Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254 (filing 1) is denied.  By separate document, judgment will be entered dismissing the petition with prejudice.

February 28, 2007.                BY THE COURT

                                  s/*Richard G. Kopf*
                                  United States District Judge